IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN MCKIM                                                  PLAINTIFF

v.                            CIVIL NO. 24-6164

FRANK BISIGNANO,[1] Commissioner
Social Security Administration                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brian McKim, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on June 10, 2021, alleging an inability to work since November 20, 2020, due to a back injury, depression, social anxiety, a learning disorder and insomnia. (Tr. 56, 199).  For DIB purposes, Plaintiff maintained insured status through December 31, 2024. (Tr. 214). An administrative telephonic hearing was held on January 18, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 32-54).

---

[1] Frank Bisignano, has been appointed to serve as Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated February 26, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: major depressive disorder, anxiety disorder, learning disorder, and a spinal disorder, with hardware fusion. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except: claimant can stand and walk for 4 hours; occasional climbing, no ladders, ropes or scaffolding; occasional balancing, stooping; no kneeling, no crawling; claimant is limited to simple, nonproduction rate pace jobs, occasional interaction with the public, occasional contact with coworkers and supervisors, occasional changes to work procedures and requirements, no reading for meaning, simple addition and subtraction, counting.

(Tr. 18-19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a laundry worker, a mail sorter and a routing clerk. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 29, 2024. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. *Id*.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." *Id*.

For claims like Plaintiff's, filed after March 27, 2017, an ALJ evaluates medical opinions pursuant to 20 C.F.R. § 404.1520(c). These new rules provide that the Social Security Administration "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from medical sources." 20 C.F.R. § 404.1520c(a). Rather, an ALJ is to evaluate the persuasiveness of any opinion or prior administrative medical finding by considering the: (1) supportability of the opinion with relevant objective medical evidence and supporting explanations; (2) consistency with the evidence from other medical sources and nonmedical sources in the claim; (3) relationship with the plaintiff, including length, purpose, and extent of treatment relationship, whether it is an examining source, and frequency of examination; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520(c).

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations to include being limited to simple, nonproduction rate pace jobs, occasional interaction with the public, occasional contact with coworkers and supervisors, occasional changes to work procedures and requirements, no reading for meaning, and simple addition, subtraction, and counting. In making this determination, the ALJ found the opinion of Dr. Geraldene E. Moore, Ph.D., a psychological consultative examiner, persuasive. (Tr. 21-22). However, the ALJ did not include some of the limitations found in Dr. Moore's opinion and failed to explain why these additional limitations were not included in the RFC. Specifically, Dr. Moore opined Plaintiff had a poor ability to attend to and sustain concentration on basic tasks; a poor ability to complete tasks; and a poor capacity to complete work-like tasks in an acceptable time frame. (Tr. 1610-1611). While the ALJ is not required to incorporate every limitation from a medical opinion into the RFC, "once a medical opinion is found to be persuasive, an ALJ must explain any inconsistencies

between the limitations found in that opinion and the ultimate RFC." *Harris v. Dudek*, No. 4:23-CV-1705, 2025 WL 776516, at *3 (E.D. Mo. Mar. 10, 2025) (citations omitted). The record before the Court is inadequate to permit meaningful review of the decision to omit Dr. Moore's opinion that Plaintiff had a poor ability to attend to and sustain concentration on basic tasks; a poor ability to complete tasks; and a poor capacity to complete work-like tasks in an acceptable time frame. On remand the ALJ should consider all of the functional limitations in Dr. Moore's opinion and should either incorporate those limitations into the RFC or explain why an excluded limitation was not adopted. *See Bedore v. Kijakazi*, No. 4:22-CV-567-SPM, 2023 WL 6064854, at *6 (E.D. Mo. Sept. 18, 2023).

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of July 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE